UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LAWRENCE WATKINS                                CIVIL ACTION NO. 18-1297

                                                SECTION P

VS.

                                                JUDGE TERRY A. DOUGHTY

FRANKLIN PARISH DETENTION                       MAG. JUDGE KAREN L. HAYES
CENTER, ET AL.

                         REPORT AND RECOMMENDATION

        Plaintiff Lawrence Watkins, a prisoner at Franklin Parish Detention Center proceeding

pro se and in forma pauperis, filed the instant proceeding on October 3, 2018, under 42 U.S.C. §

1983.  He names the following Defendants: Franklin Parish Detention Center, Warden Chad Lee,

Lieutenant Jerry Kupp, Sergeant Chris Walker, and Sheriff Kevin Cobb.[1]  For the following

reasons, it is recommended that Plaintiff's request for a transfer, as well as Plaintiff's claims

against Franklin Parish Detention Center, Sergeant Chris Walker, and Sheriff Kevin Cobb, be

dismissed.[2]

                                    Background

        Plaintiff alleges that there is "mold all over the shower" at Franklin Parish Detention

Center and that there is a "thick slippery slime" on the shower floor.  [doc. # 1, p. 3].  He

informed Lieutenant Kupp that several individuals fell in the shower, but Kupp responded with

_____

        [1] This matter has been referred to the undersigned for review, report, and
recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

        [2] Plaintiff sets forth additional claims that are not subject to the instant Report and
Recommendation: a claim against Warden Chad Lee concerning the deprivation of medical care
and a negligence claim against Lieutenant Jerry Kupp concerning a slippery shower floor.  The
undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff
with summons forms for the additional claims.

indifference.  *Id.*  On September 5, 2018, Plaintiff slipped and fell in the shower, injuring his hip and hand.  *Id.*

On September 6, 2018, a physician advised Plaintiff that he should "probably be transferred somewhere to receive medical treatment."  *Id.* at 3-4.  Plaintiff notified Warden Lee about the condition of the shower, his pain from falling, and the physician's instructions for further treatment, but the Warden did not respond.  *Id.* at 4.  Plaintiff submitted two additional requests for care on September 17, 2018, and September 24, 2018, but he did not receive a response.  *Id.*  Plaintiff seeks $1,000,000.00 and a transfer to a different correctional facility to receive "proper medical treatment."  *Id.*

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Franklin Parish Detention Center**

Plaintiff names Franklin Parish Detention Center ("FPDC") as a Defendant.  Federal Rule

of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership."  LA. CIV. CODE art. 24.  Here, FPDC does not qualify as a juridical person.  Accordingly, Plaintiff's claims against it should be dismissed.

**3. Transfer**

Plaintiff asks the Court to transfer him to a different facility.  A prisoner has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another.  *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009).  "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement."  *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department.  The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department."  LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the

4

Department of Public Safety and Corrections, his request for a transfer should be dismissed.

**4. Defendants Walker and Cobb**

Plaintiff alleges that Sergeant Walker observed him fall in the shower, requested cleaning supplies, and recorded the incident in a book. [doc. # 1, p. 3]. Plaintiff does not offer any allegations against Sheriff Cobb.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Here, Plaintiff does not allege that Defendants Walker and Cobb were personally involved in depriving him of a constitutional right.

Plaintiff also fails to state a claim against Sheriff Cobb to the extent he alleges that, as Sheriff, Cobb is vicariously liable for others' actions. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir. 1994). Here, Plaintiff does not allege that Sheriff Cobb participated in a constitutional deprivation or implemented a policy so deficient that it constitutes a deprivation of constitutional rights. Accordingly, Plaintiff's claims against Defendants Walker and Cobb should be dismissed.

**5. Mold**

Plaintiff alleges, without elaboration, that there is "mold all over the shower . . . ." [doc. # 1, p. 3]. He appears to seeks relief for mold present on areas other than the shower floor.[4] Aside from his request for a transfer, which the undersigned recommends dismissing for reasons above, Plaintiff seeks only compensatory relief.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, with the exception of mold on the shower floor, Plaintiff does not allege that mold in the shower caused him any physical injury. He may not, therefore, recover compensatory damages for any mental or emotional injuries stemming from his alleged exposure to the mold. Further, as Plaintiff only seeks compensatory relief for "mold all over the shower," his claim should be dismissed.[5]

## **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Lawrence Watkins'

---

[4] Plaintiff also implies that mold on the shower floor contributed to the conditions that caused him to slip and fall.

[5] Even assuming Plaintiff suffered the requisite physical injury, courts have repeatedly held that the presence of mold and dampness does not render confinement unconstitutional. See *Eaton v. Magee*, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012); *Barnett v. Shaw*, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011); *Reynolds v. Newcomer*, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010). In addition, Plaintiff's claim is entirely conclusory.

request for a transfer, as well as Plaintiff's claims against Franklin Parish Detention Center, Sergeant Chris Walker, and Sheriff Kevin Cobb, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of November, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

7